UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONDULA LANE,

                                        Plaintiff,

                vs.                                        6:10-CV-647 (NAM/ATB)

CLAIRE PAPADIMITRIOUS,
et al,

                                        Defendants.
_____

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

     The Clerk has sent the above complaint to me for my review.  On June 2, 2010,

*pro se* plaintiff, Rondula Lane, filed this civil rights action, pursuant to 42 U.S.C. §

1983, together with an application to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2).

## I.   Complaint

     Plaintiff brings this action against Claire Papadimitrious, "Complainant;" Kevin

Beach, Chief of Rome Police Department; Jeffrey A. Race, Detective; James P. Boyer,

Detective; Albert J. Ciccone, Patrolman; Patrick J. Marthage, Esq., First Assistant

Public Defender; Barry M. Donalty, Acting Supreme Court Justice; and Laurie Lisi,

Esq., Assistant District Attorney.  (Compl. ¶ 3, pp. 3–4).[1]  Plaintiff alleges three

"causes of action" in his complaint: (1) "making false statements, false reports, and

_____

    [1] Plaintiff did not number all of the pages attached to his complaint listing additional
defendants and continuing the "Facts" section of paragraph 6.  For clarity, the court will refer to
information by paragraph number, if possible, and then by page number, beginning with page one of
the complaint and continuing consecutively.

committing perjury numerous times," (2) "unlawful imprisonment, tampering with evidence, and racial discrimination," and (3) "slander and libel." (Compl. ¶ 7). Plaintiff requests a federal investigation of "this matter;" that all defendants be prosecuted to the fullest extent of the law, and that they be required to pay actual damages and punitive damages for ruining the plaintiff's life. (Compl. ¶ 9).

Plaintiff alleges that on January 1, 2010, Ms. Papadimitrious "made a false report and a false written statement to 'her nephew,' the chief of the Rome Police Department[,] [defendant] Kevin Beach . . . [and later] committed perjury when she testified in front of the grand jury, where she began to change her story around to get [plaintiff] indicted." (Compl. ¶ 6). Plaintiff claims that after Ms. Papadimitrious made her statement to the police, defendant Ciccone approached plaintiff, while plaintiff was standing outside the Rescue Mission and asked for plaintiff's identification, explaining that plaintiff "fit the description of someone we are investigating." *Id.*

Defendant Race arrived at the Rescue Mission to ask plaintiff a few questions, and after talking to plaintiff's girlfriend and taking some pictures of plaintiff, defendant Race asked plaintiff to go with him to the precinct "voluntarily to provide them with a sample of [plaintiff's] DNA." Plaintiff claims that he "reluctantly" agreed to go. (Compl. p. 8). Plaintiff then describes what happened when he arrived at the police station, and after he had given the DNA sample. Plaintiff complains that although he was not in handcuffs, had not been read his *Miranda* rights, and was not advised that he was under arrest, he was told that he was not allowed to leave. *Id.*

2

Plaintiff claims that he only agreed to an interview because he believed that he was required to do so because he was not allowed to leave.  *Id.*  Plaintiff claims that the interview was "secretly recorded," and that he was placed under arrest after the interview.  *Id.*

Plaintiff claims that Defendant Ciccone "made false statements saying that he questioned me; when he did not" and "committed perjury saying he approached [plaintiff] because [he] fit the description of a black male wearing a gray hooded sweatshirt and tan pants" when plaintiff was wearing "a white hooded sweatshirt and blue jeans." *Id.*  Plaintiff also alleges that Defendant Race "made false statements, and committed perjury as well."  *Id.*  It is not clear from the complaint when plaintiff alleges that any of the above testimony occurred.  Plaintiff only states that the witnesses "keep changing their stories every time they testify."  *Id.*

Plaintiff concludes that "because I am an African-American; everyone just assumes I am guilty [and d]eny[s] me my rights like it is okay."  (Compl. p. 9). Plaintiff claims that another officer[2] "tampered with the evidence from the hospital, to make [plaintiff] appear guilty," and the "judge[,] Hon. Barry M. Donalty, and the Assistant D.A.[,] Laurie Lisi, Esq. [a]ll prejudged the matter due to [plaintiff's] race." *Id.*  Plaintiff concludes that these acts are in "violation of [his] right to be presumed innocent until proven guilty [a]nd impartiality on the judge[']s part," and are the reason plaintiff has "two D.A.'s in [his] upcoming trial."  *Id.*

Finally, plaintiff alleges that the police informed the media; (newspapers and

---

[2] This officer was not named as a defendant.

the news) so that plaintiff would "look bad," and it is therefore, "virtually impossible" to get an impartial jury "because of this case's exposure to the press in Oneida County." *Id.* Plaintiff never explains the underlying facts nor the charges he faces. For the reasons stated below, this court recommends plaintiff's complaint be dismissed in its entirety.

## II. *In Forma Pauperis* ("IFP") Review

Plaintiff has filed an application to proceed IFP. (Dkt. No. 2). Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement, prosecution, or defense of any suit, action or proceeding without the pre-payment of fees. The individual seeking permission to proceed IFP must file an affidavit which includes a statement of all assets, showing that the individual is unable to pay the fees or give security therefor. *Id.* The same section, however, states that this determination is "subject to subsection (b)." *Id.* Subsection (b) provides that notwithstanding any filing fee or portion of the fee that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). To avoid dismissal for failure to state a claim, the complaint must contain sufficient factual

4

matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). In determining whether an action is frivolous, the court must determine whether the complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. The Court will now turn to a consideration of the plaintiff's complaint under the above standards.

## III. Relief Requested

Plaintiff requests that the "matter be federally investigated [and] all of the said defendants prosecuted to the fullest extent of the law." (Compl. ¶ 9). Plaintiff appears to be referring to ongoing criminal proceedings in state court.[3] He makes no allegations in his complaint that he has been convicted of any charges, and he refers to an "upcoming trial." (Compl. p. 9).

Plaintiff's first "ground" appears to relate primarily to Ms. Papadimitrious, in that she "made a false report and false written statement . . .[and] committed perjury when she testified in front of the grand jury, where she began to change her story around to get me indicted." (Compl. ¶ 6). The first ground also refers to allegedly false statements made by the members of the Rome Police Department who questioned the plaintiff and presumably testified before a grand jury, leading to

---

[3] Plaintiff indicates he is incarcerated (Compl. ¶ 1), but it appears he is in jail serving time relating to a prior conviction.

plaintiff's indictment.  (*See* Compl. p. 8).  The second ground relates to members of the Rome Police Department who allegedly would not let plaintiff go when he was at the precinct for questioning and to give a DNA sample.  *Id.*  Plaintiff was allegedly arrested after an interview that was "secretly recorded."  *Id.*  Plaintiff claims that the police officers also tampered with the "evidence from the hospital" and assume plaintiff is guilty due to his race.  (*See* Compl. p. 9).  Plantiff's final ground relates to the Rome Police Department "for informing the media . . . trying to make [petitioner] look bad."  (*See* Compl. pp. 8–9).

### A.  Injunctive Relief

The law is well-settled that, with rare exceptions, a federal court may not enjoin pending state court proceedings.  28 U.S.C. § 2283.  The statute prohibits enjoining any state court proceeding, unless one of the exceptions that are specifically described in the statute apply.  *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).  Exceptions to the statute arise when the injunction is authorized by an Act of Congress, when the injunction is necessary in aid of the federal court's jurisdiction, or when injunctive relief is necessary to protect or effectuate a federal court judgment.  *See Bess v. Spitzer*, 459 F. Supp. 2d 191, 201 (E.D.N.Y. 2006) (citing *Vendo Co.*, 433 U.S. at 630).  However, the court must construe these exceptions narrowly.  *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).  The court does not have inherent power to enjoin state court proceedings merely because those proceedings may interfere with a federally protected right, even if that interference is clear.  *Id.* at 140–50.

6

The Supreme Court has also held that a district court should not interfere with pending state criminal proceedings "except in very unusual situations, where necessary to prevent immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 69 (1971). In addition, "there is no irreparable injury if the state proceedings provide an appropriate venue for the plaintiff to protect his or her federally protected rights." *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 317 (E.D.N.Y. 2006). "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

To determine whether *Younger* abstention is appropriate, the Court considers (1) whether there is an ongoing state proceeding; (2) whether there is an important state interest implicated; and (3) whether the plaintiff has an open avenue for review of his constitutional claims in the state courts. *Miller v. County of Nassau*, 467 F. Supp. 2d at 317 (citing *Diamond "D" Constr.Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2004)).

Plaintiff has apparently been indicted, but has not yet gone to trial, and the State has an interest in its ongoing criminal proceedings. *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). Although plaintiff does not specifically request an "injunction," any consideration of the claims he asserts, given the relief that he does request, would certainly interfere with the state court criminal proceeding. A federal investigation of any of the defendants for their involvement with plaintiff's arrest, indictment, and trial would necessarily interrupt the ongoing proceedings in state court. Plaintiff

7

complains about perjury by witnesses and alleges that someone tampered with the DNA evidence.  Plaintiff complains about his trial attorney and about being denied his Sixth Amendment right to effective counsel.  Plaintiff essentially complains about every aspect of his current or "upcoming" trial.  The appropriate forum to assert plaintiff's constitutional claims will be in New York State court.  Accordingly, the federal courts should abstain from reviewing plaintiff's claims relating to pending state criminal charges for which he requests, *inter alia*, a federal investigation.

### B.   Damages

The Second Circuit has held that "application of the *Younger* doctrine is inappropriate where the litigant seeks money damages for an alleged violation of § 1983 . . . ." *Rivers v. McLeod*, 252 F.3d 99, 101–02 (2d Cir. 2001).  However, plaintiff is barred from seeking relief under § 1983 while charges are still pending against him in state court. *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.")

As stated above, plaintiff's causes of action all relate to the investigation of the events that led to his indictment and for which he has yet to stand trial.  This court's consideration of any of plaintiff's claims would necessarily affect the eventual state court proceedings and potential conviction.  Plaintiff's request for actual and punitive damages hinges on the yet unrealized event that the state court proceedings terminate in his favor.  Because plaintiff has not alleged that the state court proceedings have terminated in his favor, his claims should be dismissed.

8

## IV.    Judicial Immunity

Plaintiff names Justice Barry M. Donalty as a defendant.  Plaintiff does not state what relief he is seeking from Justice Donalty.  "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within his or her jurisdiction." *Miller v. County of Nassau*, 467 F. Supp. 2d at 312 (citing *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991)).  Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004).

The Supreme Court has stated that the scope of a judge's "jurisdiction" is construed broadly, and the judge will not be deprived of immunity "because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57.  Rather, the judge will be subject to liability only when he or she acted "in the clear absence of all jurisdiction." *Id.*  Immunity is only overcome if the challenged action was not taken in the judge's judicial capacity or if the judge acted in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  Whether an act is "judicial" relates to the nature of the act itself.  *Id.*  The first question is whether the function is one "normally performed by a judge." *Id.*  The second question is whether the parties dealt with the judge in his or her judicial capacity.  *Id.* (citations omitted).

In this case, there is no indication that Justice Donalty had any contact with plaintiff other than as a judge presiding over plaintiff's criminal case, an act normally

performed by a judge within his jurisdiction.  Plaintiff's allegation that the Judge is

unfair or biased does not state a claim under § 1983.  *Stump v. Sparkman, supra*.

Accordingly, plaintiff's damage claims against Justice Donalty should be dismissed.

## V.   **Prosecutorial Immunity**

Plaintiff also names Assistant District Attorney ("ADA") Lisi as a defendant.

ADA Lisi is apparently the ADA who is prosecuting plaintiff's criminal case.  Like

judges, prosecutors also enjoy absolute immunity from suit under § 1983 in matters

associated with their prosecutorial functions, regardless of motivation.  *Dory v. Ryan*,

25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts

associated with the prosecutor's function, including conspiracies to present false

evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute

immunity shields prosecutors from suit pursuant to § 1983 for their alleged malicious

or selective prosecution, as well as for any misconduct in the presentation of evidence

to the Grand Jury).

Absolute immunity is defeated only when the prosecutor is engaging in

investigative functions.  *Bernard v. County of Suffolk*, 356 F.3d at 502–03 (citation

omitted).  The initiation and pursuit of prosecution, regardless of any alleged

illegality, is protected by absolute prosecutorial immunity.  *Peay v. Ajello*, 470 F.3d

65, 67–68 (2d Cir. 2006).  It has also been held that a prosecutor is entitled to absolute

immunity for his decision not to prosecute, regardless of the motivation for his or her

decision.  *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

In this case, plaintiff only alleges that defendant Lisi, along with Justice

Donalty and plaintiff's public defender, "prejudged" plaintiff's guilt because of his race. Plaintiff only discusses defendant Lisi's alleged actions before the Grand Jury and complains that his lawyer told him that the ADA was going to try to "stump" plaintiff with her questions. Thus, plaintiff asserts no basis for a claim against defendant Lisi.

## VI.  Color of State Law

To state a claim under § 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law.  42 U.S.C. § 1983.

### A.    Public Defender

A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  An exception exists where a plaintiff can show a conspiracy to pursue illegal prosecution.  *See Tower v. Glover*, 467 U.S. 914, 920 (1984).

In this case, plaintiff's claim against his public defender all involve actions that counsel took or is taking while defending plaintiff in the criminal proceeding. Plaintiff claims that defendant Marthage told plaintiff that the District Attorney was "going to try to 'stump' plaintiff with her questioning," he asked plaintiff what he was going to say when he testified before the grand jury, and had a telephone conversation with the District Attorney as to the general content of plaintiff's anticipated testimony before the grand jury.  These were all acts related to Mr. Marthage's duty as counsel to

11

plaintiff.  (Compl. p. 9).  Plaintiff's allegations that Mr. Marthage "keeps insisting on [plaintiff's] guilt" and is "unwilling to listen to the facts" are conclusory and do not even approach a sufficient statement that counsel is somehow conspiring to pursue an illegal prosecution of plaintiff.  *Id*.  Accordingly, plaintiff's claims against Mr. Marthage should be dismissed.

### B.    Ms. Papadimitrious

Plaintiff makes claims against the civilian "victim" or "complainant" in the charges against him.  Supplying the police with false information that leads to the arrest of another does not give rise to a cause of action under § 1983.  *See Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 405 (S.D.N.Y. 2004).  "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim . . . ."  *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citing *Spear v. West Hartford*, 954 F.2d 63, 68 (2d Cir. 1991)).  Ms. Papadimitrious' report and written statement, even if false, do not establish that she acted as part of a conspiracy with police to violate any of plaintiff's constitutional rights.  On the contrary, plaintiff's allegations are wholly conclusory and insufficient to establish that Ms. Papadimitrious was acting under color of state law.  Accordingly, plaintiff's claims against Ms. Papadimitrious should be dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED ONLY FOR PURPOSES OF FILING THIS COMPLAINT**, and it is further

**RECOMMENDED**, that the complaint be **DISMISSED** in its entirety pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: June 18, 2010

Hon. Andrew T. Baxter
U.S.  Magistrate Judge

13